THE AUBURN STATE BANK *et al.*

*v.*

W. T. BROWN *et al.* Exrs.

*Opinion filed April 21, 1898.*

1. EXECUTORS AND ADMINISTRATORS—*if property is accounted for it is immaterial that it is not inventoried.* Under section 70 of the Administration act, (Rev. Stat. 1874, p. 116,) which provides that claims not presented within two years after granting of letters shall be barred unless other estate "not inventoried or accounted for" shall be discovered, etc., it is immaterial that the property is not inventoried, provided the executors have accounted for it.

2. SAME—*mistake in description of inventoried land does not render it "unaccounted for."* A mistake in description of land by executors in their inventory does not render the property "unaccounted for," where it appears that deceased owned no other land, that it was inventoried at its proper value, and that the executors, after paying all duly presented claims out of the personal estate, divided the land among the beneficiaries, as directed by the will, and made proper deeds of conveyance therefor with the approval of the court.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

PEEBLES, KEEFE & PEEBLES, for appellants.

RINAKER & RINAKER, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Appellants held demands against the estate of George S. Brown, deceased, who died testate in Macoupin county, Illinois, but did not exhibit said demands to the county court of said Macoupin county, wherein the estate of the said deceased was pending for settlement, until after the expiration of the period of two years from the date of the letters testamentary. They insisted the deceased died seized of the title to the north half of the north half of the south-east quarter of the south-west quarter, and the north-west quarter of the north-east quarter, and seventeen acres off of the east side of the north-east quarter of the north-west quarter, all in section 23, township 12, north of range 8, west, in Macoupin county, containing sixty-seven and one-half acres, and that said lands were not inventoried or accounted for by the executors of the last will and testament of the deceased, and therefore they are entitled to have the same sold for the purpose of paying their claims. They petitioned the county court for an order requiring the executors of the said estate to cause said lands to be devoted to the payments of their claims, but the court denied the prayer of their petition.

The appellees, as executors of said will, filed an inventory purporting to be a full and complete inventory of all the property, real and personal, which belonged to the deceased. An attempt was made to include and describe these lands in the inventory at an appraised value of $6145. The description is, however, defective, in that the town and range in which the tracts are situated are not given. The contention of appellants is, the description of the tracts is for that reason so uncertain as to render it wholly void. Parol evidence was received showing that the deceased owned the land in question and had it in possession at the time of his death, and that he owned no land in any other town and range in Macoupin county, Illinois. Aside from any question as to the description of the land, we think it was proven the tracts in question

were "accounted" for by the executors.   It appeared the will of the deceased authorized and empowered the executors (the appellees) to divide and partition the property, real, personal and mixed, of the deceased, between certain persons designated in the will, and that in pursuance of such power the executors, within the period of two years after the grant of letters to them, allotted the tracts in question to certain of said parties and executed proper deeds of conveyance, as executors, conveying said lands to such parties, and that the lands passed into the possession of the persons to whom they were so conveyed. The executors made report of their acts and doings, as executors, to the county court, which included a report of such allotment and conveyance of said lands, and said report, so far as said allotment and conveyance were concerned, was approved by the court.  After the report had been approved, and after the expiration of the two years, the appellants exhibited their claims and were awarded judgment, recoverable out of subsequently discovered property.

Section 70, chapter 3, of the Revised Statutes, entitled "Administration," provides that "all demands not exhibited within two years, as aforesaid, shall be forever barred, unless the creditors shall find other estate of the deceased not inventoried or accounted for by the executor or administrator, in which case their claims shall be paid *pro rata* out of such subsequently discovered estate." The meaning of the words "accounted for," as applied to the case in hand, is, that the property in question has been devoted by the executors to the purposes of the proper and due administration of the estate in pursuance of the will of the deceased.  Even though the description in the inventory ought to be deemed insufficient, yet as an appraised value was affixed to whatever the description intended to represent, it availed to create a liability on the part of the executors to answer and account therefor.   Their action in the matter of allotting the land to

parties entitled to take under the will, and conveying it and delivering possession to such persons and making report thereof to the court, constituted an accounting for the land, within the meaning of the statute. The law and the will of the deceased operated upon the land, and it was not unadministered or "unaccounted for" property. The personal assets of the estate were ample to pay all claims exhibited within two years, and, in addition, much more than sufficient to pay the claims of the appellants, and there was no reason why the executors should not have, within the two years, allotted and divided the land in accordance with the desire of the testator, as expressed in the will. Having done so, we cannot conceive that upon any sound reasoning it can be urged it was not accounted for by the executors. If accounted for, it is immaterial whether or not it was inventoried.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*