## UNION TRUST COMPANY, TRUSTEE *v*. RALSTON, RECEIVER.

[No. 14,908. Filed June 27, 1934. Rehearing denied October 9, 1934. Transfer denied March 2, 1936.]

*Henry M. Dowling* and *M. M. Dunbar,* for appellant.

*Charles W. Richards* and *H. Nathan Swaim,* for appellee.

*Jones, Obenchain & Butler, Grabill & Ringer, Rappaport, Kipp & Lieber, Pickens, Gause, Gilliom & Pickens, Jones, Hammond, Buschmann & Gardner, Smith, Remster, Hornbrook & Smith,* and *William H. Krieg,* amici curiae.

DUDINE, J.—The Farmers Trust Co. of Indianapolis acted as administrator with the will annexed of the estate of Charles T. Vajen, deceased husband of Katherine D. Vajen, appellant's *cestui qui* trust, from February 1, 1930, to April 11, 1931, when said estate was duly closed. The estate consisted of securities and cash in bank. Katherine D. Vajen was the sole legatee under decedent's last will.

On April 16, 1931, five days after said estate was closed, said Farmers Trust Co. and Katherine D. Vajen entered into a trust agreement by the terms of which agreement $7,527.88 cash in bank and certain securities were transferred to said Farmers Trust Co. as trustee for said Katherine D. Vajen. On May 21, 1931, appellee Boyd M. Ralston was duly appointed receiver of said Farmers Trust Co.

Although said trust agreement provided for revocation of the trust upon written demand by said *cestui qui* trust, she did not make such demand until after said receiver was appointed.

Thereafter, on petition of said Katherine D. Vajen, The Union Trust Co. of Indianapolis was appointed trustee under said trust agreement, as successor to said

Farmers Trust Co., and the receiver of said Farmers Trust Co. transferred and turned over to appellant trustee all the securities belonging to said trust, but did not turn over the uninvested funds belonging to said trust, which, at the time of his appointment as such receiver, amounted to $8,971.34. Said uninvested funds had been commingled with the general funds of said Farmers Trust Co., and thereafter the general fund of said Farmers Trust Co. had been reduced so that when appellee receiver was appointed, there was only $4,-909.14 in said general fund.

Appellant filed its verified petition in said receivership of Farmers Trust Co. for allowance of a claim in the sum of $8,971.34 for said uninvested funds, praying that said claim be allowed in said amount as a preferred claim against the general assets of said Farmers Trust Co.

No good purpose will be served by discussing the allegations of the claim. It is sufficient in that respect to note that the claim cites Chapter 167 of the Acts of 1931 as the basis for the preference claimed.

Appellee filed answer in three paragraphs: (1) general denial; (2) an argumentative denial, the allegations of which need not be set forth herein; and (3) alleging that said uninvested funds had not "augmented" the assets of said Farmers Trust Co.

The matter was submitted to the court for trial, who found that said Farmers Trust Co. was indebted to appellant as trustee for Katherine D. Vajen in the sum of $8,971.34 on account of trust funds received for her benefit, and commingled with the general assets of said Farmers Trust Co.; that at the time appellee was appointed receiver of said Farmers Trust Co., there was only $4,909.14 in the general fund of said trust company; and that appellant's claim should be allowed in the sum of $8,971.34 as a preferred claim against said $4,909.14, received by appellee receiver as aforesaid,

and that any balance of said claim not paid out of said $4,909.14 as aforesaid should be allowed and treated as a general claim only, and the court rendered judgment in accordance with the finding.

Appellant seasonably filed a motion for new trial, the grounds of which were: (1) decision of the court is not sustained by sufficient evidence; (2) decision of the court is contrary to law; (3) error in the assessment of the amount of recovery, the same being too small, which motion was overruled. Appellant thereafter filed a motion to modify the judgment so as to make it a judgment allowing said claim in the amount of $8,971.34 as preferred as against all the general assets of said Farmers Trust Co., which motion was overruled.

Thereafter appellant perfected this appeal, assigning as error: (1) the overruling of said motion for new trial; (2) the overruling of said motion to modify said judgment.

Under all of appellant's points, it presents the question of whether the decision of the court was contrary to and in violation of Chapter 167, p. 580, §1 of the Acts of 1931. That question is determinative of this appeal, and therefore we will not discuss appellant's points separately.

Section one of said Act is as follows:

*"Be it enacted by the general assembly of the State of Indiana,* That hereafter, upon the insolvency, suspension or liquidation of any bank of discount and deposit, or loan and trust and safe deposit company, while acting as executor, administrator, receiver, guardian, assignee, commissioner, agent, attorney-in-fact, or in any other fiduciary capacity, the person or persons beneficially entitled to receive the property and proceeds held in trust by it as aforesaid, or its successors in trust, shall have preference and priority over its general creditors in all assets of such bank or loan and trust and safe deposit company, for all uninvested funds so held in trust to the extent of any commingling with its general assets or which may not be duly accounted for."

Said act contained an emergency clause, and was approved March 11, 1931, hence went into effect on that date. The Farmers Trust Co. closed its doors on May 4, 1931, and said Farmers Trust Co. was acting in a fiduciary capacity, to wit as trustee for Katherine D. Vajen when it closed its doors. We cannot see any reason why said act does not govern the instant case.

Appellee contends that appellant's claim was not a claim for "uninvested funds" held in trust and "commingled" with the general assets of said Farmers Trust Co., within the meaning of said terms as used in said Act, and gives three reasons, to-wit: (1) "the evidence shows that at the time said trust agreement was entered into by the parties the amount of $7,527.88 which was shown as cash on the trust agreement was not actually paid into said Farmers Trust Co. by Katherine D. Vajen but represented only a transfer of a credit on the books of said Farmers Trust Co."; (2) said "amount *could* not be 'commingled with its general assets' because such commingling had occurred *prior* to the execution of said trust agreement" (our italics); (3) said "amount was 'duly accounted for.' It is still a credit on the books of said Farmers Trust Co. . . ." Appellee cited no authorities to support said contention or either of said reasons. We disagree with said contention.

The Farmers Trust Co., as trustee, acknowledged receipt of said sum of $7,527.88 in cash, by executing the trust agreement, and appellee receiver's sworn statement to that effect was introduced in evidence. There was a stipulation of evidence that "the amount of $7,527.88 which was shown as cash on the trust agreement was not actually paid into said Farmers Trust Co. by said Katherine D. Vajen, but represented only a transfer on the books of said Farmers Trust Co. of this credit from their book account of the Estate of Charles T. Vajen"; but a consideration of all the evidence forces us to conclude that it was under-

stood, when the trust agreement was executed, that said amount was payable to Katherine D. Vajen, in cash, out of the account of the estate of her father, and that in lieu of the Farmers Trust Co. paying it out to her in cash, and she handing the cash back to the Farmers Trust Co. for deposit in the trust account, the Trust Co. would effect the transfer of that amount from the account of her father's estate, to the trust account by a transfer on its books. The Farmers Trust Company having acknowledged receipt of said cash, appellee can not now be heard to deny the receipt thereof.

Appellee's second reason for his said contention, towit, that said amount was commingled with the general fund of said Trust Company *before* the trust was created, does not sustain his said contention.

Sec. 1, Chapter 167, Acts of 1931, *supra,* contains no language which indicates that the preference given by the Act does *not* apply to trust funds, of which the trustee had possession before the trust was created, and which were actually put with the general assets *before* the trust was created.

It is not the purpose of said Act to prohibit the physical act of putting trust funds with the general funds of a bank—but its purpose is to enable *cestuis qui* trust to recover the trust funds when they *have been* commingled with the general funds and *are being kept* so commingled. The commingling referred to is a continuing act.

Appellee admits that said Vajen moneys were not separated from said general assets, after they were once commingled; that said Vajen moneys and general assets remained so commingled until said trust was effected, and until said receiver was appointed. We hold that the Farmers Trust Company, by continuing the commingling of said funds as aforesaid, while it was trustee did "commingle" said funds within the meaning of said Act.

We cannot accept appellee's third reason for his said

contention, to-wit, since the books of the Farmers Trust Company showed that said amount was due Katherine D. Vajen, said amount was "duly accounted for." The book record was merely evidence of its indebtedness. "Duly accounting for" said amount within the meaning of said Act, includes payment to appellant of cash in the trust which had not been invested in securities. See *State* v. *Williams* (1883), 77 Mo. 463; *U. S.* v. *Rehwald* (1930), 44 Fed. (2d) 663; *Hentz* v. *The Idaho* (1876), 93 U. S. 575, 579, 23 Law Ed. 978; *Auburn State Bank* v. *Brown* (1898), 72 Ill. 284, 286, 50 N. E. 144.

Appellee further contends that in order to establish a preferred claim appellant had to show that the assets of the Farmers Trust Co. were augmented by the amount of such claim—that "when the trust agreement was executed a book entry was transferred from the credit of the estate of Charles T. Vajen to the credit of Katherine D. Vajen (that such transfer) did not augment the assets of the Farmers Trust Co. nor the assets in the hands of the receiver of said Trust Co." In support of said contention appellee cites *Rottger* v. *First, etc., Bank* (1933), 98 Ind. App. 139, 184 N. E. 267, and *Rottger* v. *Delta, etc., Corp.* (1933), 98 Ind. App. 680, 184 N. E. 412.

We agree that said authorities *did* sustain appellee's said contention, but they were decisions which involved cases tried before said Act of 1931, *supra,* was enacted. Said Act relieved *cestuis qui* trust of the burden of proving such augmentation of assets in cases similar to the instant case.

Appellee further contends that if said Act be construed to include appellant's claim, such construction would affect the obligation of contracts executed before said Act went into effect, since the evidence shows that there were depositors and un-

secured creditors to whom said Trust Co. owed $500,-000.00 when the act went into effect; that they have not been paid, that said depositors and creditors, by their deposits, had either express or implied contracts with Farmers Trust Co. whereby said Trust Company agreed to honor and pay checks and drafts of such persons until their respective deposits became exhausted; that if the general assets of said company are taken for the payment in full of such claims, such assets will be dissipated, and it will be impossible for the Farmers Trust Co. or its receiver, to fulfill its obligations to said creditors and depositors.

Section three of said Act provides that said "act shall not affect the obligation of any contract executed prior to its taking effect."

A reading of said Act discloses that the prime purpose of its enactment was to safeguard uninvested funds held by banks and trust companies in a trust or fiduciary capacity, hence the statute must be construed so as to effect that purpose if that can be reasonably done.

Prior to the enactment of said Act, a *cestui qui* trust, who had placed funds in a bank in trust, which funds the bank commingled with its general assets, as against general creditors of such bank, could only recover so much of said trust funds as he could trace. *Rottger* v. *Delta, etc., Corp., supra; Rottger* v. *First, etc., Bank, supra.* It is not disputed that said Act relieved the *cestui qui* trust of said burden of tracing their funds, as against depositors and creditors of such trustee bank, who became such depositors and creditors after said Act went into effect.

Regardless of whether or not the trustee bank has pre-existing creditors, a person who places his funds in the bank in trust, expects to get them back as trust funds.

General creditors are content to assume a creditor-

debtor relationship with the bank. They rely upon the bank's general credit—or general assets as distinguished from trust funds. They understand that trust funds are not part of the general assets of the bank. They have no equitable or contractual right to participate in a distribution of any trust funds which have been commingled with general assets of the bank. That was the understanding of such general creditors, regardless of whether they became creditors before or after said Act was passed. There is no reason why a distinction should be made between such pre-existing creditors and such subsequent creditors. The same reasons for relieving the *cestui qui* trust from said burden of tracing his fund, which reasons are admittedly sufficient in cases against subsequent creditors, are applicable in cases against pre-existing creditors.

A construction of said Act, which holds that upon the insolvency of a bank, while acting as a trustee after said Act went into effect, a valid claim for trust funds is preferred, even though said trust funds were commingled with the general assets of said bank before said Act went into effect, would not affect the pre-existing obligations of said bank to its general creditors. The bank's obligations to pre-existing creditors is to pay their checks and drafts *out of the general assets* of the bank, and if the bank becomes insolvent, they shall participate in the *general* assets. Banks do not agree to put trust funds into general funds. Such a construction would be in complete harmony with the purpose of the Act.

We hold that said Act of 1931, *supra,* governs appellant's claim, and that by virtue of said Act, appellant's claim should be preferred as against all the general assets of appellee receivership, and that the court's decision is contrary to and in violation of said Act. The judgment is therefore reversed with instructions that

the trial court render judgment allowing appellant's claim against appellee in the sum of $8,971.34 as preferred against all the general assets of The Farmers Trust Company.