SCHENK *v.* DUNTEN, RECEIVER.

[No. 15,121. Filed March 31, 1936.]

*Rex S. Emerick,* for appellant.

*Luke H. Wrigley,* for appellee.

DUDINE, J.—On March 28, 1931, appellant Rebecca Schenk deposited $6,892.00 in La Grange County Trust Company. Shortly after that date appellant instructed the trust company to purchase Federal Land Bank Bonds for her, with the money, and the trust company agreed to do so. Frequently after that appellant called at the trust company to get her bonds but the representatives of the trust company on each occasion caused appellant to believe that the bonds had been ordered, that they would arrive soon, but had not arrived. On

August 5, 1931, the secretary of the trust company sent the following written instrument to appellant, to-wit:

"La Grange, Ind., Aug. 5, 1931.

"This is to certify that Mrs. Rebecca Schenk has placed with us funds to purchase $6,000.00 par value 4½% Federal Land Bank Bonds Savings book number 1622 and number 1623 to be retained as receipts for said bonds until delivery is made on bonds and said funds are not subject to withdrawal or transfer.

"When bonds are delivered said savings books are to be surrendered.

LA GRANGE COUNTY TTUST COMPANY,
By Rollo N. Walter, Secy."

On August 8, 1931, the trust company suspended business, and was taken over by the State Banking Department. On November 20, 1931, appellee was appointed receiver of the trust company. Appellant never received the bonds.

Appellant filed a claim against the receivership estate, alleging the above facts, and showing some credits against the claim. Appellee filed an answer in general denial, and the cause was submitted to the court for trial. The court found for appellant and rendered judgment in her favor in the sum of $5,555.36, that said judgment should be a preferred lien as against $2,370.94 (which was the total amount of cash which came into the receiver's hands), and that the balance of said judgment should be a general claim as against the other general assets of the trust company in the hands of its receiver.

Appellant filed a motion for new trial which contained as ground therefor, alleged error in the assessment of the amount of recovery in that (a) the amount is too small, (b) the court failed to declare the amount of recovery a preferred lien against all the assets of the trust company. The motion for new trial was overruled, and this appeal was perfected.

Appellant contends first, that the evidence conclusively shows that at the time the trust company suspended business its relation to appellant, with reference to said deposit, was that of a fiduciary; second, that this case comes within the provisions of Chapter 167 of the Acts of 1931, page 580, §1, which provides that:

"... upon the insolvency, suspension or liquidation of any bank of discount and deposit, or loan and trust and safe deposit company, while acting as executor, administrator, receiver, guardian, assignee, commissioner, agent, attorney-in-fact, *or in any other fiduciary capacity,* the person or persons beneficially entitled to receive the property and proceeds held in trust by it as aforesaid, or its successors in trust, shall have preference and priority over its general creditors in all assets of such bank or loan and trust and safe deposit company, for all uninvested funds so held in trust to the extent of any commingling with its general assets or which may not be duly accounted for." (Our italics.)

There is no dispute as to the material facts. The evidence indisputably shows that appellant left the money on deposit with the understanding that it would be considered a special deposit, the purpose of which was to buy bonds for appellant, and that the trust company acknowledged it as such, from the time appellant ordered the purchase of the bonds until the bank closed.

It has been decided by this court that a fiduciary relationship between a trust company and a depositor can be created, with reference to money previously deposited as a general deposit, without actually withdrawing the money and re-depositing it in the trust company. See *Union Trust Co.* v. *Ralston, Receiver, etc.* (1936), 101 Ind. App. 548, 191 N. E. 94. See also *People ex rel. Nelson et al.* v. *Bates* (1933), 184 N. E. (Ill.) 597; *Davis* v. *McNair* (1931), 48 F. (2nd) (Fla.) 494.

We hold that the evidence conclusively shows that

when the trust company closed it was holding said money as a fiduciary, and appellant was "beneficially entitled" to receive it. At that time Chapter 167, Acts of 1931, was in effect. On authority of *Union Trust Co.* v. *Ralston, Receiver, etc., supra,* we hold that this case comes within the provisions of said statute, and therefore appellant's judgment should have been declared to be a preferred lien against *all* the general assets of the trust company which came into the receiver's hands.

There being no dispute as to anything else besides the question of preference of appellant's claim, and the decision being erroneous in that regard, it is ordered that the judgment be reversed and that the trial court render judgment for appellant in the sum of $5,555.36, and that said judgment be declared to be a preferred claim against all of the general assets of said trust company in the hands of said receiver, to the exclusion of general creditors, but along with the other claims entitled to a similar preference, pro rata.

NOTE—Chapter 167, Acts of 1931, was repealed by Chapter 40, Acts of 1933. (See sec. 192, Chapter 40, Acts of 1933.)