BOGUE *v.* DUNTEN, RECEIVER.

[No. 15,122. Filed April 1, 1936.]

*Rex S. Emerick,* for appellant.

*Luke H. Wrigley,* for appellee.

DUDINE, J.—On June 15, 1931, appellant delivered to the La Grange County Trust Company a $1,000.00 U. S. Liberty Bond for the purpose of exchanging it for Federal Land Bank Bonds, with the understanding that the difference was to be paid to appellant in cash. The trust company issued and gave appellant a receipt for said bond, which receipt was as follows:

"La Grange, Indiana, June 15, 1931.
"Received of Mrs. Sabra Bogue, one thousand par value bond, bond to be sold and collected and funds to be reinvested in Federal Land Bank Investment Securities, price to be around $98.00 for certificates.

"Difference to be paid Mrs. Bogue.

ROLLO N. WALTER,
Secretary."

On June 19, 1931, appellant delivered to the trust company registered U. S. Liberty Bonds, of the total par value of $1,300.00, which were registered in the joint names of her husband, who died in December, 1928, and herself, for the purpose of having said bonds sent to the U. S. Treasury Department and having them re-registered in her individual name. As a receipt for said bonds the trust company gave appellant a small savings account book containing entries which described said bonds. Immediately following said entries was the following: "Received the above bonds in the amount of $1300.00 that is entered above and these bonds to be bought and registered in the name Sabra A. Bogue."

On the respective dates when the trust company received said bonds, the trust company sent the bonds to its correspondent bank for credit on its checking account with said correspondent bank, and the trust company received a total credit of $2,300.00 on its said checking account for said bonds.

On August 8, 1931, the bank ceased to do business and was taken over by the State Banking Department. On November 20, 1931, appellee was appointed receiver of the trust company. Appellant never received any of the bonds which she had ordered through the trust company.

She filed a claim against the receivership estate wherein she alleged the foregoing facts and contended

she was entitled to a preferred claim in the principal sum of $2,300.00, plus interest.

Appellee filed an answer in general denial and the cause was submitted to the court for trial. The court having found for appellant and rendered judgment in her favor in the amount of $2,348.88, that said judgment be a preferred claim against $2,370.94 (the total amount of cash which came into the hands of the receiver), and that the balance of said judgment be considered a general claim against the general assets of the trust company in the hands of its receiver.

Appellant filed a motion for new trial containing as grounds therefor alleged error in the assessment of the amount of recovery in that (a) the amount is too small; (b) the court failed to declare the amount of recovery a preferred lien as against all the general assets of the trust company.

There is no dispute as to the material facts. The evidence conclusively shows that the bonds were delivered to and accepted by the trust company in a fiduciary capacity, that all the proceeds of said bonds were commingled with the general assets of the trust company, and that appellant is "beneficially entitled" to said proceeds.

On authority of *Union Trust Co.* v. *Ralston, Receiver, etc.*, 101 Ind. App. 548, 191 N. E. 94 (transfer to Supreme Court denied March 2, 1936), and on authority of *Rebecca Schenk* v. *Frank J. Dunten, Receiver, ante* 33, 200 N. E. 744, decided March 31, 1936, we hold that appellant's judgment should have been declared to be a preferred lien against *all* the general assets of the trust company, which came into the receiver's hands.

There being no dispute as to anything else besides the question of preference of appellant's claim, and the decision being erroneous in that regard, it is ordered that the judgment be reversed and that the trial court

render judgment for appellant in the sum of $2,348.88, and that said judgment be declared to be a preferred claim against all of the general assets of said trust company in the hands of said receiver, to the exclusion of general creditors, but along with the other claims entitled to a similar preference, pro rata.